**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4856

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAURO SOTO CHAVEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00002-ALL)

Submitted: August 23, 2007          Decided: August 28, 2007

Before WILLIAMS, Chief Judge, and WILKINS and HAMILTON, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP AND WINTHROP, Statesville, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mauro Soto Chavez appeals his convictions and the 180-month sentence imposed after he pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2000), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). On appeal, counsel filed an Anders* brief, in which he states there are no meritorious issues for appeal, but questions whether the district court complied with Fed. R. Crim. P. 11 in accepting the guilty plea, and whether the sentence was required. In a pro se supplemental brief, Chavez asserts that the district court erred in concluding that it did not have authority to impose a variance sentence, and that the factual basis for his plea was not established. We affirm.

Chavez did not move in the district court to withdraw his guilty plea, therefore this court reviews his challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his

*Anders v. California, 386 U.S. 738 (1967).

- 2 -

plea. The court must also determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Counsel does not specify any deficiencies in the district court's Rule 11 inquiry, and our review of the plea hearing transcript reveals that the court conducted a thorough Rule 11 colloquy that assured Chavez's plea was made both knowingly and voluntarily.

We review a district court's sentence for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). In this case, the drug conspiracy count carried a statutory mandatory minimum sentence of ten years of imprisonment; the firearm count carried a minimum five year term of imprisonment that must be imposed consecutively to any other term of imprisonment. See 21 U.S.C. § 841(b)(1)(A) (2000), 18 U.S.C. § 924(c)(1)(A)(I), (c)(1)(D)(ii) (2000). The district court correctly noted that it was without authority to impose the requested variance sentence, as we have recognized that, even after United States v. Booker, 543 U.S. 220 (2005), "[e]xcept upon motion of the Government on the basis of substantial assistance, a district court may not depart below a statutory minimum." United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). In this case, Chavez was sentenced to the statutory minimums applicable to the charges to which he pleaded guilty, and we conclude that his sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We have considered the arguments asserted in Chavez's pro se supplemental brief and find them to be without merit. We therefore affirm Chavez's convictions and sentence. This court requires that counsel inform Chavez, in writing, of the right to petition the Supreme Court of the United States for further review. If Chavez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chavez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>